COHEN & COMPANY, APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Cohen & Co. *v.* Limbach (1988), 40 Ohio St. 3d 52.]

(No. 87-1710—Submitted September 27, 1988—Decided December 14, 1988.)

*Kadish & Bender, J. Timothy Bender* and *Steven L. Kadish,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Floyd J. Miller, Jr.,* for appellee.

*Per Curiam.* R.C. 5733.01 imposes a tax on corporations for the privilege of exercising their franchise in Ohio. This tax is computed on the value of the taxpayer's issued and outstanding shares of stock, calculated on either the net worth or net income basis, whichever produces the greater tax. R.C. 5733.06. At issue here is the tax calculated on the net income basis.

Under R.C. 5733.05(B), the starting point for this calculation is determining the corporation's net income. R.C. 5733.04(I) defines "net income" as:

"* * * [T]he taxpayer's *taxable income* before operating loss deduction and special deductions, as required to be reported for the taxpayer's taxable year under the Internal Revenue Code [subject to several non-pertinent adjustments] * * *." (Emphasis added.)

Furthermore, R.C. 5733.01(C), during the audit period, stated:

"The tax charged by and all provisions contained in this chapter are applicable to a taxpayer that makes an election under subchapter S of chapter one of the 'Internal Revenue Code of 1954,' as now or hereafter amended or reenacted, in the same manner as if such election had not been made."

Thus, the taxable income that is required to be reported for federal purposes is also the net income for the Ohio franchise tax. If the item is not required to be reported for federal purposes as taxable income it is not includable in net income for purposes of the Ohio franchise tax.

During the questioned years, Section 63(a), Title 26, U.S. Code defined "taxable income" as:

"For the purpose of this subtitle, in the case of a corporation, the term 'taxable income' means gross income minus the deductions allowed by this chapter."

"Gross income" is defined in Section 61(a), Title 26, U.S. Code:

"* * * Except as otherwise provided in this subtitle, gross income means all income from whatever source derived * * *."

Section 162(a)(1), Title 26, U.S. Code provides a deduction for salaries and compensation:

"* * * There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including —

"(1) a reasonable allowance for salaries or other compensation for personal services actually rendered * * *."

Appellant argues that it may deduct the disputed amounts as compensation for Ohio franchise tax purposes even though it did not claim them for federal income tax purposes.

The commissioner responds that this deduction is unauthorized.

Dividends paid by a corporation are not deductible from its gross income for purposes of federal income tax. Sections 1.162-7 and 1.162-8, Title 26, C.F.R. Thus, dividends paid to a corporation's shareholders are required to be reported as federal taxable income and, consequently, as Ohio net income for computation of the franchise tax, but reasonable compensation paid to the shareholders as employees is not. If the amount appellant distributed to its shareholders is compensation, it is not includable in federal taxable income or in Ohio net income. If it is a dividend, then it is includable in both.

In the instant case, appellant neither labeled these amounts as compensation nor claimed any amount as compensation on its initial federal returns. Appellant, therefore, cannot succeed with its argument that these distributions were compensation. Since appellant first reported these amounts as taxable income for the federal income tax, it was required to declare them as net income for the Ohio franchise tax.

In answer to appellant's proposition that the commissioner must now accept the amended federal returns as correct and deduct these disputed amounts as compensation, R.C. 5733.031(C) controls. Under this section, if the federal tax authorities confirm that appellant's federal taxable income is altered by the amended returns, and if these alterations affect its Ohio tax liability, appellant must notify the commissioner and file an amended return. The record does not disclose that this was the situation herein.

Moreover, in the tax years under review, R.C. 5747.01(S)(5) allowed an individual to deduct, from his Ohio taxable income, distributions from a Subchapter S corporation that were included in his adjusted gross income. 138 Ohio Laws, Part II, 3180. The interaction of R.C. 5733.01(C), which requires taxation of a Subchapter S corporation "* * * in the same manner as if such corporation were subject to the federal income tax," and R.C. 5747.01(S)(5), which deducted Subchapter S corporation distributions from a shareholder's income, resulted in the distribution amount being taxed to the Subchapter S corporation. In the instant case, appellant's shareholder-employees did not claim this deduction initially, but several have since applied for and received Ohio personal income tax refunds for this deduction. Thus, appellant's shareholders have attempted to avoid the tax consequences to the corporation which these distributions entail, while reaping the tax benefits thereof.

Accordingly, since the decision of the BTA is neither unreasonable nor unlawful, it is hereby affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.